

---

Clark, Thomas & Winters, David C. Duggins, Austin, for petitioner.

Turner, Hutchins, McInerny, Webb, Hartnett & Strother, Gerald R. Belarde, Payne & Vendig, Yerger Hill, III, Dallas, for respondent.

**FORD MOTOR CREDIT COMPANY, Petitioner,**

v.

**FIRST STATE BANK OF SMITHVILLE, Texas, Respondent.**

No. C–3375.

Supreme Court of Texas.

Nov. 7, 1984.

## ON MOTION TO MODIFY

PER CURIAM.

This court's opinion and judgment of October 3, 1984 are withdrawn. The following opinion is substituted.

This is an appeal from judgment rendered in favor of First State Bank of Smithville, Texas. The trial court held that the Bank's purchase money security interest had priority over Ford Motor Credit Company's properly filed financing statement under TEX.BUS. & COM.CODE ANN. § 9.312(c). The court of appeals affirmed. 674 S.W.2d 437. Pursuant to TEX.R.CIV.P. 483, we grant Ford Motor Credit Company's application for writ of error and motion to modify judgment and, without hearing oral argument, reverse the judgment of the court of appeals, modify the judgment of the trial court and affirm the judgment of the trial court as modified. First State Bank of Smithville, Texas' motion for rehearing is overruled.

The facts are undisputed. On August 16, 1977, Ford Motor Credit Company properly filed a financing statement covering "inventory and equipment" and "replacement parts of or for any of the above" collateral of a dealership owned by Jeb

Fredrickson. Contrary to the holding of the court of appeals, the date of the filing of the financing statement determines the inception of the attachment of the security interest. On September 26, 1977, the First State Bank filed a financing statement on the inventory of the dealership. The Bank did not give notice to Ford Motor Credit Company as required by TEX.BUS. & COM.CODE ANN. § 9.312(c).

Under the provisions of TEX.BUS & COM.CODE ANN. § 9.312(e)(1) dealing with Priorities Among Conflicting Security Interests in the Same Collateral, the creditor who is the "first-to-file" his financing statement will win the priority contest. This section also contains a particular provision, TEX.BUS. & COM.CODE ANN. § 9.312(c)(2), whereby the holder of a purchase money security interest in inventory will have priority if the creditor gives notice of his purchase money security interest to the previous creditor who has filed his financing statement.

First State Bank did not run a file search and did not give proper notice to Ford Motor Credit Company in accordance with the rules of the TEX.BUS. & COM.CODE. Since the Bank failed to comply with this notice provision, the "first-to-file" priority rules must be followed and Ford Motor Credit Company holds the superior security interest.

We conclude that the opinions of the court of appeals and the trial court conflict with the applicable provisions of the TEX. BUS. & COM.CODE, hereinabove set forth. Without hearing oral argument, we grant Ford Motor Credit Company's application for writ of error and motion to modify judgment, reverse the judgment of the court of appeals, modify that portion of the trial court judgment to reflect our holding that Ford Motor Credit Company has priority as to the inventory and/or proceeds therefrom and, as modified, the trial court judgment is affirmed. First State Bank of Smithville, Texas' motion for rehearing is overruled. TEX.R.CIV.P. 483.